**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| TONY BRIAN MORGAN, | ) | |
| | ) | No. 2:11-cv-02922-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $5,404.99 in attorney's fees and $23.00 in costs and expenses on the ground that he is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

The Administrative Law Judge (ALJ) issued a decision on December 18, 2009 denying plaintiff's application for disability benefits. The Appeals Council denied review, rendering the ALJ's decision that of the Commissioner of Social Security. Plaintiff filed a complaint before this court on October 26, 2011, seeking review of the Commissioner's decision.

The matter was referred to the magistrate judge, who found in a Report & Recommendation (R&R) that the Commissioner's decision should be reversed and remanded for further proceedings. Neither party filed objections to the R&R.[1] On

---

[1] In this District, the government's decision not to object to the magistrate judge's R&R does not serve as an admission that its position was not substantially justified. Cruell v. Colvin, No. 11-2847, 2013 WL 2423127, at *2 (D.S.C. June 4, 2013).

1

February 20, 2013, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Morgan is considered the "prevailing party."  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  The government has the burden of proving that its position was substantially justified.  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances."  Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees."  Crawford, 935 F.2d at 658.  "Where the government's position was a result of its failure to perform a certain analysis required by the law and its

regulations, the government's position was not substantially justified." Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006).

Here, the ALJ found that Morgan failed to establish that the medical evidence amounts to a disabling impairment under Section 3.02 of 20 C.F.R § 404, subpart P, appendix 1. Upon review, the magistrate judge found, and this court agreed, that the ALJ specifically considered Section 3.02 in her analysis. See R&R 7. However, the magistrate further determined that this consideration was not sufficiently "involved," in that the ALJ's analysis was "obscured." Id. at 7-8. Thus, the magistrate judge "reservedly" suggested remand "for a more thoroughly considered Listing analysis." Id. at 8.[2] In the end, the court was unable to conclude that the ALJ's decision to deny benefits was supported by substantial evidence.

Although the court ultimately held that the ALJ did not sufficiently articulate her reasoning, the government's position in support of the ALJ's decision had a "basis both in law and fact that could satisfy a reasonable person." Hurell v. Barnhart, 444 F. Supp. 2d 574, 577 (D.S.C. 2006). The court finds that the government has met its burden of showing that its position was substantially justified. See id. (finding government's position was substantially justified even though ALJ's reasoning was incomplete and failed to adequately explain his rationale). Therefore, the court **DENIES** plaintiff's motion for attorney's fees and expenses under the EAJA.

**AND IT IS SO ORDERED**.

---

[2] The magistrate judge further found that the ALJ did not err in her evaluation of a treating physician's opinion. See R&R 11. Finally, the magistrate judge determined that the ALJ had misapprehended plaintiff's testimony in discounting his credibility and formulating his Residual Functional Capacity. This latter finding was based on a "narrow error" committed by the ALJ. R&R 13.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 24, 2013**
**Charleston, South Carolina**